IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN LOPEZ ORTEGA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0439-R |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Martin Lopez Ortega, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of murder and sentenced to life imprisonment.  His conviction and sentence were affirmed on direct appeal.  *Ortega v. State*, 2002 WL 307432 (Tex. App.--Dallas, Feb. 28, 2002, pet. ref'd).  Petitioner also filed an application for state post-conviction relief.  The application was denied without written order.  *Ex parte Ortega*, No. 59,849-01 (Tex. Crim. App. Dec. 1, 2004).  Having exhausted his state remedies, petitioner now seeks federal habeas relief.

II.

Petitioner raises three broad arguments in seven grounds for relief.  Succinctly stated, petitioner contends that:  (1) the evidence was factually insufficient to support his conviction; (2) he was never notified of his rights under the Vienna Convention on Consular Relations; and (3) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA").  *See* Pub.L. 104-132, 110 Stat. 1214 (1996).

Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may

grant habeas relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law

or if the state court decides a case differently than [the] Court has on a set of materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d

389 (2000).  An unreasonable application of clearly established federal law is one in which "the state

court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter*

*v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004).  Stated

differently, "a federal court may grant relief when a state court has misapplied a 'governing legal

principle' to 'a set of facts different from those of the case in which the principle was announced.'"

*Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting*

*Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference

to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363

(5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000).  The resolution of factual issues by the state court is

presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear

and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner first argues that the evidence was factually insufficient to prove that he had the

requisite mental intent to commit murder.   At most, petitioner maintains he is guilty only of

manslaughter.

Under Texas law, intermediate appellate courts have the authority to review fact questions

in criminal cases.   *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  This "factual

sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson*

*v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Instead of viewing the evidence

in the light most favorable to the prosecution and determining whether "any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt," a factual

sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the

overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, 2001

WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129.  The power of

state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory

and constitutional authority.  *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892

S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995).  There is no

corresponding right of review under the United States Constitution.  *Id.*  Consequently, a claim

based on factually insufficient evidence does not implicate a federal constitutional right and is not

cognizable under 28 U.S.C. § 2254.  *See id.*

Here, petitioner claims that the evidence was *factually insufficient* to support his conviction. He does not challenge the *legal sufficiency* of the evidence under *Jackson*. Nor was such a claim made on direct appeal.[1] Therefore, petitioner is not entitled to federal habeas relief on this ground.

C.

Petitioner further contends that his confession was obtained in violation of the Fifth Amendment because arresting officers never notified him of his right to contact the Mexican Consulate as required by the Vienna Convention on Consular Relations ("Vienna Convention"). The Vienna Convention is a 79-article multilateral treaty ratified by the United States in 1969. *See Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir. 2005), *cert. dism'd*, 125 S.Ct. 2088 (2005), *quoting United States v. Jimenez-Nava*, 243 F.3d 192, 195 (5th Cir.), *cert. denied*, 121 S.Ct. 2620 (2001). Mexico is a signatory nation to the treaty. *Id.* Under Article 36 of the Vienna Convention, "the treaty requires an arresting government to notify a foreign national of his right to contact his consul." *Id.* However, the Fifth Circuit has held that Article 36 does not create a "judicially enforceable right [ ] of consultation between a detained foreign national and his consular office." *Jimenez-Nava*, 243 F.3d at 198; *see also Cardenas v. Dretke*, 405 F.3d 244, 253 (5th Cir. 2005); *Medellin*, 371 F.3d at 280. Moreover, even were the Supreme Court or the Fifth Circuit to recognize such a right, the

---

[1] In rejecting petitioner's claim on direct appeal, the state appellate court wrote:

> There is evidence in the record appellant asked a man known only as "Carlos" to give him a gun so he could "burn 'em" and asked Martinez if he wanted to die before shooting him. Martinez died from a gunshot wound to the forehead after appellant fired at least three bullets at him. Appellant admitted he signed a written statement for the police that said, "Carlos gave me the pistol. That was when I shot the boy. I shot him one time."

*Ortega*, 2002 WL 307432 at *1. Even were this court to review petitioner's factual sufficiency claim, he has failed to show that the state court decision was "unreasonable" in light of the evidence presented at trial. *See Chambers*, 218 F.3d at 363.

"suppression of evidence is not a remedy for an Article 36 violation." *Jimenez-Nava*, 243 F.3d at 198 (citing cases).  Petitioner is not entitled to habeas relief on this ground.

D.

In five grounds for relief, petitioner contends that he received ineffective assistance of counsel at trial.  Among the criticisms leveled at defense counsel are:  (1) failing to object that the definitions of "intentionally" and "knowingly" in the jury charge were unconstitutionally vague; (2) not arguing that his rights under the Vienna Convention were violated; (3) failing to move for a judgment of acquittal or a modification of the verdict; and (4) not investigating the facts surrounding the shooting.  Petitioner further argues that the cumulative effect of these errors deprived him of a fair trial.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding.  *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness.  *Id.*, 104 S.Ct. at 2064.  The Fifth Circuit has described this standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."  *United States v. Herrera*, ___ F.3d ___, 2005 WL 1367821 at *1 (5th Cir. Jun. 10, 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).  Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance.  *Strickland*, 104 S.Ct. at 2067.  Prejudice results when "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceedings would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1311 (1990). In order to obtain federal habeas relief, a petitioner must affirmatively show how the actions of his attorney deprived him of a fair trial. *See Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

2.

Petitioner's first three arguments merit little discussion. The definitions of "intentionally" and "knowingly" contained in the jury charge track the language of the Texas Penal Code.[2] *See* TEX. PENAL CODE ANN. § 6.03(a) & (b) (Vernon 2003). Petitioner cites no authority to support his assertion that those definitions are unconstitutionally vague. Nor has petitioner shown that counsel was ineffective for failing to argue that his rights under the Vienna Convention were violated. As previously discussed, the Vienna Convention does not create a judicially enforceable right of consultation between a detained foreign national and his consular office. *Jimenez-Nava*, 243 F.3d at 198. Any attempt to suppress petitioner's confession on that ground likely would have been overruled. Similarly, there is no reason to believe that the trial court would have acquitted petitioner

---

[2] The trial court instructed the jury that:

> A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

> A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

(St. App. Tr. at 8).

or reduced his conviction to manslaughter had counsel filed such a motion.  Petitioner's speculative assertion to the contrary does not merit habeas relief.

Petitioner also criticizes his attorney for failing to investigate the "only plausible line of defense that [the] shooting was an accident."  (Pet. Br. at 11).  However, the record shows that counsel pursued that defense at trial.  In an affidavit submitted to the state habeas court, Donna Winfield explained that her investigation revealed that petitioner had been drinking at a Dallas nightclub when a fight broke out between a group of immigrants.  An intoxicated bystander, later identified as Ovidio Martinez, challenged petitioner to shoot him.  Petitioner, who had consumed more than a dozen beers, fired one shot in the air and another shot in the direction of the crowd.  Unfortunately, the second shot struck and killed Martinez.  (*See* St. Hab. Tr. at 41-42).  Although Winfield believed that petitioner lacked any intent to kill Martinez and showed genuine remorse for his actions, she denied that the verdict was the result of an inadequate investigation.  (*Id.* at 42).  The state habeas court accepted Winfield's affidavit testimony, thereby implicitly rejecting petitioner's ineffective assistance of counsel claim.  (*Id.* at 35).  Petitioner fails to allege, much less prove, what additional investigation Winfield should have conducted or what facts might have been uncovered.  Without such evidence, petitioner cannot show that the state court decision was "unreasonable."  *See Allen v. Dretke*, 2004 WL 743861 at *5 (N.D. Tex. Apr. 6, 2004), *rec. adopted*, 2004 WL 884593 (N.D. Tex. Apr. 23, 2004), *citing Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (court cannot grant habeas relief unless petitioner makes affirmative showing of missing evidence).

Finally, petitioner maintains that the combination of these errors deprived him of a fair trial.  This argument implicates the cumulative error doctrine, which provides that "an aggregation of non-reversible errors (i.e. plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal."  *United States v. Munoz*,

150 F.3d 401, 418 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 887 (1999).  Here, petitioner has failed to establish *any* error in the conduct of his state trial.  Therefore, relief is not available under the cumulative error doctrine.  *See Miller v. Johnson*, 200 F.3d 274, 286 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000) (petitioner who failed to demonstrate any error by trial counsel could not establish cumulative error).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 1, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE