IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN LOPEZ ORTEGA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0439-R |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Martin Lopez Ortega, appearing *pro se*, has filed a motion for extension of time to file a notice of appeal. For the reasons stated herein, the motion should be denied.

A notice of appeal in a civil case must be filed with the district clerk "within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). However, a district court may extend the time for filing a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A).

The judgment denying petitioner's application for writ of habeas corpus was entered on August 5, 2005. Therefore, his notice of appeal was due no later than September 6, 2005.[1] Any

---

[1] The 30th day after the judgment was entered fell on Sunday, September 4, 2005. The next day, September 5, 2005, was a federal holiday. Therefore, petitioner's notice of appeal was due no later than September 6, 2005. *See* FED. R. APP. 4(a)(1)(A) & 26(a).

motion for extension of time must have been filed within 30 days after the expiration of the deadline for filing a notice of appeal, or by October 6, 2005. In sworn interrogatory answers, petitioner admits that he did not place his motion for extension of time in the prison mail system until October 11, 2005. (Interrog. #1). *See* FED. R. APP. P. 4(c)(1) (notice of appeal filed by inmate confined in penal institution is timely "if it is deposited in the institution's internal mail system on or before the last day for filing"). Petitioner attempts to excuse this delay by alleging that his prison unit was on lockdown for two weeks, thus depriving him of "access to the inmate that was helping me on my case." (*See* Interrog. #2). However, such an excuse does extend the jurisdictional deadline for seeking an extension of time to file a notice of appeal. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (party requesting an extension must make a "clear showing" that circumstances causing the delay were unique and that the neglect was excusable).

## **RECOMMENDATION**

Petitioner's motion for extension of time to file a notice of appeal should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 9, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE